439 So.2d 394 (1983)
STATE of Louisiana
v.
James C. LOCKWOOD.
No. 82-KA-1674.
Supreme Court of Louisiana.
October 17, 1983.
*395 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John F. Rowley, Dist. Atty., Paul Katz, Abbott Reeves, Asst. Dist. Attys., for plaintiff-appellee.
William L. Crull, III, Dymond, Crull & Castaing, New Orleans, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant was arrested and charged with aggravated crime against nature, having been accused of engaging in oral-genital sex with two eleven year old boys. The defendant pleaded guilty to both counts, and a presentence investigation was ordered. Upon learning the contents of the presentence investigation report, defendant filed a motion to traverse presentence investigation and report and an application for supplemental presentence investigation, pointing out fourteen specific errors or omissions.
The trial court denied defendant's motion and application, denying defendant an opportunity to refute or explain materially false or invalid information contained in the PSI report and read by the court. The court then sentenced defendant to serve two years with the Department of Corrections. Defendant appealed and this court vacated the sentence and remanded for traverse of the investigation and resentencing in the light of the traverse hearing. State v. Lockwood, 399 So.2d 190 (La.1981).
The trial court held a hearing on the motion to traverse, and denied defendant's application for supplemental presentence investigation. That court then made its previous two year sentence executory and continued defendant on bond. Defendant then appealed to this court.
Defendant acknowledges that he has no constitutional or other right to demand a presentence investigation. That investigation is conducted at the option of the court. C.Cr.P. 875 A(1).[1] He contends correctly, however, that if a PSI is conducted, and a report compiled, he is entitled to a fair and accurate report.
*396 In State v. Parish, 429 So.2d 442, 444 (La.1983), we stated that "... the fundamental precepts of due process require that a criminal defendant be afforded an opportunity to rebut or explain prejudicial or erroneous information in a presentence report..." That decision is consistent with the line of cases following State v. Underwood, 353 So.2d 1013, 1018 (La.1978), where we concluded that the defendant was entitled to have his sentence set aside because the false or invalid data contained in the PSI, and to which the sentencing judge was exposed, might have contributed to the severity of the sentence.
In addition to sentencing by the trial court, defendant cites two other uses of the presentence investigation report: classification by the penal system in cases of incarceration and deliberations of the parole and pardon boards. Other potential readers of the PSI report are listed in C.Cr.P. 877[2] and R.S. 15:574.12.[3] An inaccurate PSI has lingering *397 consequences and cannot easily be corrected long after it has been written.
It is important that a defendant be afforded an opportunity to rebut or explain erroneous information in a presentence investigation report so that his sentence is not unfairly excessive. It is equally important that an inaccurate report be revised so that the defendant is not subsequently unfairly prejudiced by subsequent uses of the PSI report.
When making his presentence investigation, the probation officer "shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education and personal habits." C.Cr.P. 875 A(1). The probation officer cannot make an accurate report of a defendant's family situation and background, or of his personal habits, without talking to the defendant or to someone who knows the defendant well. Casual conversations with neighbors who know the defendant only through the newspaper reports of his offense are not reliable investigative techniques.
The probation officer who prepared defendant's PSI report failed to meet or talk with the defendant; he obtained most of the information for the report from the offices of the district attorney and the sheriff, or from cryptic notes left by a coworker. He did not interview the victims or the parents of the victims; he did not keep any records of those to whom he talked. He admits that much of his report is based on unverified hearsay or on his own preconceived opinions and beliefs.
Even in those instances where the probation officer recommends incarceration rather than probation, it is his duty under law to "indicate specifically those resources available in the community which could provide needed assistance to the defendant should he be released on probation ..." C.Cr.P. 875 A(2). This probation officer did not indicate community resources that might assist the defendant. The entire report was prepared with little or no attention given to the truth of its contents, or to the thoroughness of the investigation.
At the hearing on the motion to traverse, the probation officer was unable to cite his sources, except generally to name persons with whom he frequently talked about criminal defendants. The state did not produce one witness to substantiate any of the contested information. The defendant produced witnesses who directly contradicted statements made in the report. It appears that the PSI report on Lockwood is significantly and substantially inaccurate and should not be used in sentencing, classification, parole or pardon deliberations, or for any other purpose.
The purpose of the PSI and report is so important to the defendant and to the integrity of the judicial system that it must be fair, not based solely on impression or opinion, but based on conclusions rationally derived from information from identifiable sources.
The probation officer should check the veracity of his sources, and maintain some record of his discussions, to enable a court to verify that the information in the PSI report is reliable.
The trial court on remand did not state his reasons for denying the defendant's application for supplemental PSI, or for making his previous sentence executory. We cannot conclude from the record that, when sentencing the defendant, the court considered the testimony of the defendant's witnesses at the hearing on the motion to traverse.
The defendant is entitled to a new presentence investigation and report, and is entitled to be resentenced, based on the findings of the new investigation, by a judge who has not been exposed to the existing inaccurate and prejudicial report.
The sentence is vacated and the case is remanded for a new presentence investigation and report, and for resentencing in accord with this decision.
BLANCHE, J., concurring in part and dissenting in part.
*398 BLANCHE, Justice (concurring in part and dissenting in part).
While this writer concurs that there would be a denial of due process to allow an inaccurate PSI to remain in defendant's criminal records, I dissent from the opinion's remand of the case to a different judge. There is no showing that the trial judge could not render a fair sentence despite his knowledge of the first inaccurate PSI. Rather, two years does not seem excessive despite the biased and inaccurate report.
The case should be remanded to the same trial judge to require the Department of Corrections to supplement the PSI based on the evidentiary hearing and to thus sentence the defendant in accordance with the law.
NOTES
[*] Bailes, J. sitting for Justice Marcus.
[1] "A.(1) If a defendant is convicted of an offense other than a capital offense, the court may order the Department of Corrections, division of probation and parole, to make a presentence investigation. All such reports shall be made within sixty days of conviction except that when the defendant is released on bond pending imposition of sentence, such reports shall be made within ninety days of conviction. In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education and personal habits." C.Cr.P. 875 A(1).
[2] "The pre-sentence or post-sentence investigation report shall be privileged and shall not be disclosed directly or indirectly to anyone other than the sentencing court, members of the division of probation and parole supervision, the officer in charge of the institution to which the defendant is committed, the parole board, the probation or the parole officer if the defendant is placed on probation or released on parole, medical authorities if the defendant is committed to a hospital, the pardon board, and the governor or his representative.

Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any pre-sentence investigation report. The sources of confidential information shall not, however, be disclosed." C.Cr.P. 877.
[3] "A. The presentence investigation report, the pre-parole report, the information and data gathered by the staff of the board of parole, the prison record and any other information obtained by the board or the Department of Corrections in the discharge of their official duties shall be confidential and shall not be subject to public inspection nor be disclosed directly or indirectly to anyone except as provided by this Section.

B. Information may be released upon request without special authorization to the board of parole, the board of pardons, the governor, the sentencing judge, a district attorney or law enforcement agency, the personnel and legal representatives of the Department of Corrections including student interns, and court officers with court orders specifying the information requested.
C. Fingerprints, photographs and information pertaining to arrests and dispositions of criminal charges may be released to criminal justice agencies without special authorization.
D. The director of the Department of Corrections or his designated representative may approve the reading of confidential information by the following:
(1) Social service agencies assisting in the treatment of the offender or ex-offender.
(2) Appropriate governmental agencies or officials when such access is imperative for discharge of the requesting agency's or official's responsibilities and the information is not reasonably available through any other means.
(3) Approved researchers who have guaranteed in writing anonymity of all subjects.
E. The director of the Department of Corrections or his designated representative may approve the selective reading of information to a private citizen or organization aiding in the rehabilitation of an offender or ex-offender or directly involved in the hiring of the offender or ex-offender under the following conditions:
(1) It appears that the withholding of the information would be the offender's or ex-offender's disadvantage, and
(2) The requested information is necessary to further the rehabilitation or the likelihood of hiring the offender or ex-offender, and
(3) The requested information is not reasonably available through other means, and
(4) The offender or ex-offender has given his written consent to the release of the information.
F. Whenever records covered by this Section are subpoenaed, the records shall be submitted to the appropriate court for a ruling as to whether the information should be turned over to the party who caused the subpoena to be issued. The court shall make this determination in camera. Should the court find:
(1) That the information is not relevant to the proceedings, or
(2) That the information was derived from communications which were obviously made in the confidence that they would not be disclosed, or
(3) That confidentiality is essential to future useful relations between the source and the recorder of the information, the information shall be withheld.
G. All statistical information and information of a general nature such as an individual's age, physical characteristics, offense, date of conviction, length of sentence and discharge date may be released to the general public at any time.
H. The director of the Department of Corrections is authorized to establish rules and regulations to provide for the orderly administration of this Section." R.S. 15:574.12.