SAVOIE, Judge.
James Scales, Jr., was charged by bill of information with malfeasance in office, a violation of La.R.S. 14:134.1. Defendant pled guilty as charged. The trial court imposed a sentence of five years at hard labor. Defendant appealed, urging two assignments of error:
1. The trial court erred by permitting the Department of Corrections to submit the pre-sentence investigation report.
2. The trial court imposed an excessive sentence.
FACTS
At the time of the instant offense, defendant was employed as a correctional officer by the Department of Corrections at Hunt Correctional Center in St. Gabriel, Louisiana. The bill of information charges that he engaged in unlawful sexual conduct with an inmate confined to the correctional institution. During the Boykin examination, defendant admitted to the contact and in the pre-sentence investigation report, he expressed regret for his actions.
PRE-SENTENCE INVESTIGATION REPORT
By assignment of error number one, defendant submits that the court erred in permitting the Department of Corrections to prepare the pre-sentence investigation report because he was an employee of that agency. He claims that a conflict of interest existed, evidenced by the failure of the Department of Corrections to indicate specific community resources available to defendant in the event of his release on probation, thus breaching a statutory duty.
Pre-sentence investigation reports are authorized by La.R.S. 15:1132, and the requirements for such reports are set forth in La.C.Cr.P. art. 875A(2). However, the determination of whether or not to order a pre-sentence investigation report lies within the discretion of the trial court. State v. Wimberly, 414 So.2d 666, 671 (La.1982). If a pre-sentence investigation is conducted and a report compiled, the accused is entitled to a fair and accurate report. State v. Lockwood, 439 So.2d 394, 395 (La.1983).
Initially, we note that defendant has failed to substantiate his claim of a conflict of interest. Despite his complaint of the agency’s failure to indicate which community resources might be available, we note that the report generally reflects the support of defendant’s family, as well as his previous employers, and his veteran’s records. The report also indicates that possible employment out of state was available to him in the event of probation and that defendant had plans for further education to assist in his career. Defendant disavowed mental or physical health problems *704 or a problem with substance abuse; thus, specific community resources (in fact, those resources could be classified as most commonly available) would not have been of benefit to him. Moreover, although this incident involved a homosexual encounter, defendant has never, in any way, expressed possible conflicts with his sexual identity; therefore, a referral for counseling to resolve possible homosexual tendencies was not warranted. Thus, we find no evidence of bias or conflict of interest was shown through the agency’s failure to set forth additional community resources.
Defendant further claims the conflict of interest was evidenced through the recommendation of the agency that defendant serve at least three years at hard labor. However, it does not appear that this recommendation was unduly harsh. Moreover, the Department of Corrections justified its recommendation by reference to the violation of public trust occasioned through defendant’s unlawful contact with an inmate whose physical and mental well-being was committed to his care, as well as the violation of defendant’s position as a sergeant, with the responsibility of supervision and training of other correctional officers. Finally, we note that the court imposed a greater sentence even than that recommended in the pre-sentence investigation report.
In any event, defendant failed to object at any time to the court’s order requiring his employing agency to conduct the pre-sentence investigation and make its report to the court. Defendant was present in the courtroom at the time of the appointment. During the sentencing hearing, the court specifically asked defendant if he wished to correct or add information to the report; and defendant’s only correction was to advise the court that he had married the woman named in the report as his fiancee. Thus, it is clear that, other than the claims addressed above in which we found no merit, defendant found no fault with the substance of the report.
After a thorough review of the record and the pre-sentence investigation report filed herein, we find absolutely no evidence of the conflict of interest which defendant claims existed by the appointment of the Department of Corrections to conduct a pre-sentence investigation and file its report with the trial court. Our review of the report indicates that it was the product of a fair and impartial investigation, and it does not reflect a bias either for or against defendant. Accordingly, we find no merit to this assignment of error.
EXCESSIVE SENTENCE
In assignment of error number two, defendant submits that the trial court imposed an excessive sentence. Specifically, he contends that the court failed to consider his exemplary personal history when it sentenced him to serve five years imprisonment.
The maximum term of incarceration that can be imposed for a conviction of malfeasance in office involving sexual contact between a corrections officer and an inmate at the facility is ten years at hard labor. Thus, the sentence imposed by the court is one-half of the maximum permissible and exceeds by two years the sentence length recommended by the Department of Corrections.
In its reasons for imposing sentence, the court noted that it had found no evidence of a history of child or substance abuse which might indicate defendant had a problem rooted in the past which might have resulted in this conduct. The court specifically noted that defendant had a good family life, a successful military career, and a good work history. Although defendant claims that the court’s expressions indicate that he was being punished for not having been a “goof-off,” it is clear that the court was simply expressing its mystification at the reasons which might prompt a person of impeccable background to commit such an act. The court further noted that defendant’s rank as sergeant resulted in his supervision of other correctional officers and cadets; and, therefore, his conduct constituted a serious grade of malfeasance.
In his brief, defendant claims that the court failed to consider applicable mitigating factors, including the following: 1) his *705 conduct neither caused nor threatened serious harm; 2) he did not contemplate that his criminal conduct would cause or threaten serious harm; 3) the victim induced or facilitated its commission; 4) no compensation was required; 5) he had no history of delinquency or criminal activity and has led a law-abiding life for a substantial period of time; 6) his conduct was the result of circumstances unlikely to recur; 7) his attitude and character indicate that he is unlikely to commit another crime; and 8) he was particularly likely to respond affirmatively to probationary treatment. However, we note that the pre-sentence investigation report, including the warden’s “unusual occurrence report,” indicates that defendant forced an inmate to submit to his sexual advances. Moreover, the report notes that the inmate had previously complained of defendant’s sexual advances toward him; and, on this occasion, the inmate was forced to resort to physical resistance. Thus, we find no merit to defendant’s claim that his conduct did not cause or threaten serious harm or that he did not contemplate serious harm, and that the victim induced or facilitated the act. Moreover, although defendant’s present attitudes may indicate an unlikelihood that he would commit another crime, defendant seriously abused the trust committed to him by the public by the commission of this offense by a person in a position of authority. Accordingly, it is clear that the trial court did consider the relevant mitigatory factors, but found those factors outweighed by the magnitude of this offense.
The trial court has wide discretion in the imposition of sentences; and, given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, a sentence will not be set aside absent an abuse of that discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984). We find no abuse of discretion herein.
AFFIRMED.