638 So.2d 218 (1994)
STATE of Louisiana
v.
Oscar MYLES.
No. 94-KP-0217.
Supreme Court of Louisiana.
June 3, 1994.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Michael J. Daniels, New Orleans, for applicant.
Laurie A. White, New Orleans, for respondent.
PER CURIAM:
In 1980, the relator was tried and convicted by a jury for an armed robbery committed at a New Orleans service station. After ordering a presentence investigation, the trial court sentenced him to thirty-five years at hard labor without benefit of suspension of sentence, probation or parole. This Court summarily affirmed the defendant's conviction and sentence on direct appeal. State v. Myles, 416 So.2d 1301 (La.1982). Thereafter, relator sought post conviction relief in the district court, claiming that his original sentencing judge, now deceased, had improperly relied on his record of prior arrests when the evidence tended to demonstrate that he was innocent of one or more of those charges. The district court granted relator post-conviction relief, vacated his sentence, *219 and ordered a new presentence investigation, on grounds that the trial judge had considered at least one arrest resulting in a verdict of acquittal after a jury trial. We granted the state's application to review the correctness of that ruling and now reverse.
Defense counsel began the sentencing hearing on September 9, 1980, by asking the court to read the contents of the presentence report into the record so that "if there is anything adverse ... which Mr. Myles contends is false, we'll know about it." The report indicated that the Department of Corrections classified relator as a second offender on the basis of his conviction in 1970 for theft in the amount of twenty-one dollars. The state had originally charged relator with aggravated burglary and he received a suspended sentence of two years in the parish prison on his guilty plea to the lesser charge. In 1969, when the offense occurred, theft of twenty dollars or more, and less than one hundred dollars, was a two-year felony offense punishable with or without hard labor. La.R.S. 14:67, Acts 1968, No. 647. The presentence report accordingly classified relator as a second felony offender at the time of his sentencing in September of 1980.
The court also noted that relator had been arrested a total of eighteen times as an adult, on six occasions for crimes against the person. Many of these arrests ended with decisions by the District Attorney's office not to prosecute. One armed robbery charge led to relator's acquittal after a jury trial in 1979, a fact duly noted by the trial judge as he read from the presentence report. The report also noted that relator had pending charges in Jefferson Parish of receiving stolen things and simple possession of Talwin. At the close of the hearing, the trial judge imposed a sentence of thirty-five years at hard labor without benefit of parole, explicitly taking into account "the past records and the offense itself ... [the fact] that [the offense] does not call for any type of parole or probation, and the fact that he was previously convicted...."
The sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrest as well as conviction records. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); State v. Washington, 414 So.2d 313 (La.1982); State v. Brown, 410 So.2d 1043 (La.1982). Because the scope of information available to the court for sentencing purposes is so broad, the defendant has a due process right to rebut prejudicially false or misleading information which may affect the sentencing determination. State v. Lockwood, 439 So.2d 394 (La.1983); State v. Parish, 429 So.2d 442 (La.1983); State v. Underwood, 353 So.2d 1013 (La.1978). The defendant also has the due process right to sentencing free of assumptions about his prior record which are materially untrue. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); cf., United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
In this case, the trial court gave relator the opportunity to correct any information about his prior criminal record and relator replied at sentencing that he had no dispute with the contents of the presentence report. We find that the possibility the trial judge may have sentenced relator at least in part on the basis of arrest that led to an acquittal after trial, and thereby considered information which had no bearing on relator's potential for rehabilitation, is too remote to justify setting aside a sentence otherwise fully supported by the record. Compare State v. Ashley, 464 So.2d 963 (La.App. 4th Cir.1985).
The trial judge had full disclosure of all of the circumstances ameliorating the seriousness of the relator's prior record of arrests and convictions, including his acquittal on the previous armed robbery charge. To this extent, the court did not labor under any false impressions about relator's record. The trial judge was also fully acquainted with those circumstances arguing for a lengthy term of imprisonment, including the seriousness of the charged offense, the defendant's second offender status, and the existence of other pending felony charges. A penalty of thirty-five years at hard labor is not an apparently severe sentence for even a first felony offender. See e.g., State v. Nealy, 450 So.2d *220 634 (La.1984); State v. Walker, 449 So.2d 474 (La.1984); State v. Dunns, 441 So.2d 745 (La.1983); State v. Huntsberry, 439 So.2d 432 (La.1983). Given relator's second offender status, we find nothing in the record to support his claim that improper considerations adversely affected the trial judge's sentencing determination.
Accordingly, we reinstate relator's sentence of thirty-five years at hard labor without benefit of suspension of sentence, probation or parole.
JUDGMENT REVERSED; SENTENCE REINSTATED.
ORTIQUE, J., dissents; would affirm the district court judgment.
MARCUS, J., not on panel.
SHORTESS, J., First Circuit Court of Appeal, sitting for DENNIS, J.