| ¶ SAMS, J., Pro Tem.
Arno Butler pled guilty to simple possession of a Controlled Dangerous Substance (CDS), Schedule II, La. R.S. 40:967 C and to DWI second offense, La. R.S. 14:98 and was sentenced to the maximum five years at hard labor on the drug charge and four months on the DWI charge. Butler appeals the five-year sentence as excessive. We affirm.

Facts

Around 11:15 p.m. on July 3, 1998, Sergeant Evans, á deputy for the Webster Parish Sheriff, pursued a vehicle which had left a gas station after failing to pay for the gas. About 150 yards north of the store the vehicle stopped; Sgt. Evans observed Butler climb over his passenger and exit the vehicle on the passenger side; Butler almost immediately fell down to the ground. When Sgt. Evans caught Butler, he detected the odor of alcohol and noticed that Butler had trouble maintaining his balance. Sgt. Evans" conducted a “pat down” search and discovered a knife and a black film canister in the appellant’s shirt pocket; Sgt. Evans confiscated the knife.
Butler was arrested for DWI, handcuffed and placed in the back of the deputy’s vehicle. While Sgt. Evans was contacting a dispatcher for a wrecker and conducting an inventory search of the vehicle, he noticed Butler wriggling in the back seat of the patrol unit. He removed Butler from the vehicle and noticed that the black canister had been removed from the shirt pocket. He searched Butler and found the canister in his pants pocket. He removed the canister and discovered a sealed plastic bag containing a pinkish-white, .rock-like substance, which he suspected to be methamphetamine (crystal). Butler was again advised of his rights and returned to the police unit.
Butler was taken to the.Minden Police Department and given a breath test, which registered .179 grams percent: Butier had $494.00 on his person. He was ^charged with Possession of Methamphetamine with Intent to Distribute, La. R.S. 40:967 and DWI third offense, La. R.S. 14:98.
Butler pled guilty to an amended charge of Simple Possession of Methamphetamine and DWI, second offense and was sentenced to five years at hard labor for the *622 possession charge and four months for the DWI charge, sentences to run consecutively. Butler appeals his sentence as excessive; specifically, Butler alleges that the district court failed to give due consideration to mitigating circumstances and gave undue consideration to his criminal history; the court failed to consider sentencing alternatives specifically probation and suspension of all or a portion of the sentence, or the appropriateness of home incarceration in lieu of imprisonment; and the pre-sentence investigation (PSI) report did not indicate the specific resources available in the community to provide needed assistance to Butler in the event of probation.

Discussion

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Secondly, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence |3violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Butler has an eighth-grade education and has been regularly employed as a logger. His wife, Mary Butler, is disabled from an automobile accident and is unable to work. According to Butler, his wife relies on him financially, to take care of her physical needs, and to take care of the house. The couple have two sons, who, at the time of sentencing, were 18 and 20 years old. The sentencing judge received letters from Mrs. Butler, the children, other relatives, friends, and employer, exalting his giving nature and willingness to care for others and the fact that he is not a danger to society.
A review of Butler’s criminal record reveals convictions for disturbing the peace by fighting, disturbing the peace, two hit and runs, three DWIs, two counts of misdemeanor theft, and criminal damage to property. Additionally, Butler has a |4felony conviction for simple arson for which he was sentenced to six years at hard labor and was released on parole, which was subsequently revoked because of a previous DWI. Butler has been on *623 probation or parole on four separate occasions; one was revoked and three were terminated satisfactorily.
While the court expressed sympathy regarding the circumstances of the Mrs. Butler, it noted that the couple’s sons were old enough to take care of her. Because Butler had the benefit of two reduced charges, the court noted that a sentence less than the five years at hard labor for the drug offense would deprecate the seriousness of the offense. The initial charge of possession of methamphetamine with intent to distribute carried a sentencing range of five to thirty years and was reduced to simple possession of methamphetamine with a maximum prison exposure of five years. The DWI, third offense, which was actually Butler’s fourth DWI charge, was reduced to DWI, second offense.
In his first assignment, Butler contends that the district court failed to give due consideration to mitigating circumstances and in giving undue consideration and weight to his criminal history. There is no requirement, however, that specific matters be given any particular weight at sentencing. State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record adequately indicates that the district court was aware of the matters urged by the defense prior to imposing sentence. The court alluded to Butler’s specific crimes, and the disposition and dates of those crimes. It also considered the mitigating factors urged by counsel, specifically citing Mrs. Butler’s disability and recognizing the hardship she would endure. In sum, a review of the record reveals that the sentencing judge gave adequate weight to both the mitigating circumstances and Butler’s criminal history. This assignment of error is without merit.
[sIn his second assignment, Butler argues that the district court erred in failing to give appropriate consideration to all sentencing alternatives, including probation and suspension of all or part of the five-year sentence. Butler also contends that the PSI report was deficient because it did not indicate the specific resources available in the community to provide assistance to him in the event he were to be released on probation as stated in La. C.Cr.P. art. 875.
The district court specifically considered Butler’s sentencing alternatives and Butler’s suggestion that all or part of the sentence be probated. The district court specifically noted that home incarceration was not an option in this instance, and that Butler was not recommended by the probation department for probation. The district court also mentioned the numerous probated sentences served by Butler in the past to no avail. The district court adequately considered the sentencing options available and concluded that the best treatment option in this instance was a five-year sentence. This assignment is without merit.
A PSI may be ordered by the trial court, but it is not a right of the accused, and is not mandatory. La. C.Cr.P. art. 875; State v. Keleman, 444 So.2d 1328 (La.App.2d Cir.), writ denied, 447 So.2d 1069 (1984). When a report is ordered, however, the defendant is entitled to a fair and accurate report. Butler does not question the accuracy of the report; rather, he contends that the absence of a list of specific community resources available to him should he be released on probation constitutes error in that it resulted in the court’s failure to consider sentencing alternatives.
Assuming, arguendo, that this issue is not rendered moot by our finding that the district court did not err in denying a probated sentence to Butler, this contention is also without merit. In State v. Scales, 558 So.2d 702 (La.App. 1st Cir.1990), the court held that the failure of the Department of Corrections to include in a PSI report specific community resources available to a correctional | ^officer who was *624 convicted of malfeasance in office for engaging in sex with an inmate did not result in error where the defendant did not show that the omissions resulted in bias him. In this instance, the court specifically said it would not consider any alternative sentencing given Butler’s history. In sum, Butler was not harmed by the omission of this information. This assignment is without merit.
Butler received the benefit of a reduced charge through the plea bargain. Given the extensive criminal record, mostly alcohol related, and poor probationary history, the district court did not abuse its discretion in imposing the maximum sentence in this instance.

Errors Patent

At the time of sentencing, the district court advised Butler that he had three years from the date his conviction becomes final to apply for post-conviction relief. The legislature amended the prescriptive period to two years before Butler’s conviction will become final. Because this amendment affects Butler, we direct the district court to send appropriate written notice to him within 10 days of the rendition of this opinion and to file proof of his receipt of such notice in the record of the proceedings. La.C.Cr.P. art. 930.8; State v. George, 99-887 (La.App. 5th Cir.1/4/00), 751 So.2d 973; State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).

Conclusion

For the above reasons, Butler’s conviction and sentence are affirmed.
AFFIRMED.