WILLIAMS, J.
| ,The defendant, Tommy Louis Davis, was charged by bill of information with attempted second degree murder in violation of LSA-R.S. 14:27 and 14:30.1. Following a trial, a jury found the defendant guilty as charged. He was adjudicated a second felony offender and was sentenced to serve 40 years in prison at hard labor without benefit of probation, parole or suspension of sentence. This court affirmed the defendant’s conviction, but vacated the habitual offender adjudication and sentence. State v. Davis, 41,245 (La.App.2d Cir.8/9/06), 937 So.2d 5.
On remand, the defendant was sentenced to serve 25 years in prison at hard labor without benefit of probation, parole or suspension of sentence, with credit for time served. For the reasons that follow, we affirm the defendant’s sentence.
FACTS
On April 28, 2004, the defendant entered the home where his ex-girlfriend, Victoria Moore, and her sister were putting their *97 young children, including the defendant’s infant daughter, to bed. The defendant entered the house and asked Moore to come with him. When she refused, the defendant dragged her out of the house. Moore escaped and ran back inside, and the defendant re-entered the home and locked himself and Moore in a bathroom where he began stabbing her. While they were shut in the bathroom, Moore?s wheelchair-bound grandmother was able to open the bathroom door allowing Moore to flee. The defendant followed Moore into the living room where he began to stab her again. Moore suffered multiple stab wounds and a collapsed lung.
_[¿The defendant was charged by bill of information with attempted second degree murder and was convicted as charged. He was initially sentenced to 25 years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant was subsequently adjudicated as a second felony offender based on a prior felony conviction in Texas, and the trial court vacated the original sentence and imposed a new sentence of 40 years in prison at hard labor without benefit of parole, probation or suspension of sentence. On appeal, this court affirmed the conviction, but reversed the habitual offender adjudication. Finding that the state failed to prove that the current offense occurred before the expiration of the 10-year “cleansing period” following his discharge from custody for the prior conviction, this court vacated the sentence and remanded for further proceedings to determine the defendant’s status as a habitual offender and for resentencing.
After remand, the defendant filed a motion to quash the habitual offender bill. On January 10, 2007, the trial court minutes reflect that the trial court sentenced the defendant to 25 years in prison at hard labor, with the first 10 years to be served without benefit of probation, parole or suspension of sentence. In doing so, the trial court ordered that the record from the original sentencing of the defendant be made a part of the record.
On January 22, 2007, the defendant filed pleadings purportedly seeking an appeal from the new sentence, but the pleadings were treated by the court as a motion to reconsider sentence. In response to this filing and the motion to quash the habitual offender bill filed before his resentencing, lathe trial court vacated the new sentence and reset the matters for hearing.
At the resentencing hearing, the trial court informed the defendant that the sentence imposed on January 10, 2007 had been vacated and gave the defendant an opportunity to address the court before resentencing. Relying on the contents of the pre-sentence investigation and the reasons given for the original sentence of 25 years’ imprisonment imposed before the habitual offender adjudication, the trial court sentenced the defendant to 25 years in prison at hard labor without benefit of probation, parole or suspension of sentence with credit for time served. The court stated that any lesser sentence would deprecate the seriousness of the offense. This appeal followed.
DISCUSSION
The defendant contends the sentence imposed is excessive for this offense and this offender. The defendant argues that in imposing sentence, the trial court failed to adequately consider his age, the effect of the sentence on his family and his previous criminal history.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth .in *98 LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of Article U894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d 57, 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.
A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992).
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. (State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App.2d Cir.1/27/05), 920 So.2d 866, writ denied, 2006-0478 (La.9/29/06), 937 So.2d 851. The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Estes, 42,093 (La.App.2d Cir.5/9/07), 956 So.2d 779.
In the instant case, prior to imposing sentence, the trial court referenced as its reasons the content of the PSI report and the original sentencing hearing from July 1, 2005. A review of the July 1, 2005 transcript indicates that the court *99 reviewed the sentencing guidelines as found in LSA-C.Cr.P. art. 894.1. Specifically, the trial court examined the Ifidefendant’s criminal history as outlined in the presentence investigation (“PSI”) report, evidencing that the defendant had a history of violent behavior, including a 1988 felony conviction for rape in the state of Texas, various unresolved charges arising out of complaints of domestic violence and numerous pending drug-related charges. The trial court also noted that the defendant had an 11th grade education and lacked a history of steady employment.
The PSI report also noted that the defendant attempted to minimize the severity of his actions, an action the defendant repeated at the July 1, 2005 sentencing hearing. Given an opportunity to address the court, the defendant indicated that he had simply gone to the victim’s home to speak to the victim and that the altercation ensued because of the presence of another man. He indicated that he followed the victim into the bathroom. The defendant stated:
[T]he fact that she went in the bathroom and we had the door shut and she was discussing some problems with me in the bathroom. And she had a knife and I had a knife and she was stabbing herself. ... [I] tried to run out of the house and she grabbed me. Didn’t nobody see nothing that happened but me in the bathroom. That’s what really happened.
[[Image here]]
She got stabbed practically what she was doing, sir. I didn’t walk in there and stab her. I stabbed her a couple of times. I hit her [bjecause she had stabbed me, but I didn’t walk in there and start stabbing on her, nothing like that.
Lastly, the defendant indicated that Moore’s grandmother could not have pulled him off of her as reported because he had been studying “Kung-Fu” |7since he was “like eight years old, practically seven years old.”
The statutorily mandated sentence for the crime of second degree murder is life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:30.1(B). LSA-R.S. 14:27(D) provides, in pertinent part:
Whoever attempts to commit any crime shall be punished as follows:
(l)(a) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence.
* * *
Thus, in the instant case, the defendant’s sentencing exposure for the conviction of attempted second degree murder was imprisonment at hard labor for not less than 10 years nor more than 50 years without the benefit of parole, probation or suspension of sentence.
In the instant case, we find that the defendant’s contention that the trial court failed to give adequate consideration to his age, the impact of the sentence on his family and his prior criminal history is not supported by the record. The PSI report did not indicate that any family members rely on the defendant for support and, as noted above, his prior criminal history is extensive and was expressly relied upon by the trial court.
With regard to the issue of the defendant’s age, the defendant was 45 years old at the time he committed the offense. At the resentencing hearing, the trial court asked the defendant why he thought he *100 should received the minimum sentence. The defendant responded:
U’m at a age — about another year, I’ll be fifty years old. And I admit it was a mistake made. I’ll be fifty years old. Twenty-five years is a long time for a fifty year old guy like me.
We also note that the defendant had been incarcerated for over one year at the time the report was prepared in June 2005. Accordingly, with credit for time served, the defendant would be 70 years old at the completion of his 25-year sentence. To the extent that defendant’s age at the time of release is a mitigating factor, it is the sole mitigating factor in this case. However, age alone does not render his mid-range sentence so severe as to “shock the sense of justice.”
Under the facts of this case, we find that the defendant’s sentence is not disproportionate to the severity of the crime nor a needless imposition of pain and suffering. Thus, we find no abuse of the trial court’s discretion in sentencing this defendant. The sentence is not constitutionally excessive.
This assignment of error is without merit.
CONCLUSION
For the reasons set forth above, we affirm the defendant’s sentence.
AFFIRMED.