996 So.2d 331 (2008)
STATE of Louisiana, Appellee
v.
Virgil PENN, Appellant.
No. 43,483-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*332 Robert S. Noel, II, Monroe, for Appellant.
Jerry L. Jones, District Attorney, Charles L. Brumfield, E. Dion Young, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
CARAWAY, J.
Virgil Penn pled guilty to malfeasance in office and was sentenced to three years' imprisonment at hard labor with two years of the sentence suspended. Penn received a fine of $1,000, with default time of one year in the parish jail in the event of his failure to pay the fine. The one-year sentence was imposed without the benefit of suspension of sentence and Penn was placed on supervised two years' probation for the suspended portion of the sentence. He was also ordered to pay restitution to the Village of Bonita in the amount of $391. Penn now appeals the imposed sentence. We affirm.

Facts
Virgil Penn took office as the Mayor of the Village of Bonita, Morehouse Parish, Louisiana, on January 1, 2003, with an annual salary of $3,600. Following an investigation by the Louisiana State Police and the Louisiana Legislative Auditors, Penn was charged by grand jury indictment with one count of malfeasance in office, a violation of La. R.S. 14:134, for the intentional misappropriation of public funds, equipment misuse and misuse of petty cash funds between August 1, 2004 and December 30, 2006. Penn was also charged with one count of obstruction of justice, a violation of La. R.S. 14:130.1, for tampering with relevant evidence with the specific intent of distorting the results of a *333 criminal investigation or proceeding on or about September 19, 2006.
On July 19, 2007, Penn entered a plea of guilty to one count of malfeasance in office in exchange for the dismissal of the obstruction of justice charge. According to the trial court, the defendant admitted during the guilty plea proceeding that he had stolen money received in payment for traffic violations for the village, and "made further admissions."[1] There was no agreement regarding the sentence and a presentence investigation report was ordered. Penn subsequently resigned his office in August 2007.
At the sentencing hearing, Penn objected to the contents of the presentence investigation report regarding fact references unrelated to his guilty plea. The trial court noted that it would only consider "what the defendant admitted to" in entering the plea, but would consider as aggravating factors the facts contained in the report with regard to the defendant's actions after the beginning of the investigation.
The trial court gave lengthy and detailed reasons during the sentencing hearing and in a written sentencing judgment. The reasons included an outline of the facts discovered during the investigation that resulted in both charges. Those facts included Penn's misuse of Bonita's petty cash fund, his selling of city scrap iron for personal gain, receipt of kickbacks and personal payment for two traffic tickets, payment of "hush money" to other city employees and Penn's pressuring of witnesses to recant statements of Penn's guilt made to investigating authorities. After careful consideration of the facts of the case, the law, the presentence investigation report and all submissions received on behalf of Penn, the trial court sentenced the defendant to a term of three years of imprisonment at hard labor. The first year was ordered to be served without suspension of sentence. Execution of the remaining two years was suspended and the defendant was placed on supervised probation for a term of two years upon his release or completion of parole. Additionally, the defendant was ordered to pay a fine of $1,000 plus all costs, or in default thereof, to serve one year in the parish jail. As a condition of probation, the defendant was further ordered to make restitution to the Village of Bonita in the amount of $391. The trial court declined to order restitution not related to the guilty plea. The defense made and argued an oral motion to reconsider sentence, which was denied. This appeal ensued.

Discussion
On appeal, Penn raises two assignments of error which he argues together. He contends that the factual basis for his plea was strictly limited to the conversion of one speeding ticket and that any consideration of facts relating to the dismissed obstruction of justice charge was inappropriate. Penn also cites as mitigating factors his lack of a criminal history, his prior military service from which he suffered disabilities, and the minimal loss to the village. On these grounds, Penn argues that the trial court abused its discretion in considering allegations not proven and in failing to suspend the entire sentence.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the *334 guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982); State v. Hampton, 38,017 (La. App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747, writ denied, 04-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir. 12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App. 2d Cir.4/2/97), 691 So.2d 864.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App. 2d Cir.1/27/05), 920 So.2d 866, writ denied, 06-0478 (La.9/29/06), 937 So.2d 851; State v. Jackson, 612 So.2d 993 (La.App. 2d Cir. 1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Estes, 42,093 (La.App. 2d Cir.5/9/07), 956 So.2d 779, writ denied, 07-1442 (La.4/4/08), 978 So.2d 324.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La.App. 2d Cir.12/13/06), 945 So.2d 267, writ denied, 07-1394 (La.4/4/08), 978 So.2d 321; State v. Black, 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State *335 v. June, 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App. 2d Cir. 1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
For the offense of malfeasance in office, Penn faced potential sentencing exposure of five years with or without hard labor and a maximum fine of five thousand dollars or both. La. R.S. 14:134. Significantly, the charge of obstruction of justice which was dropped as a part of the plea agreement carried a maximum sentence of five years. La. R.S. 14:130.1(B)(3).
In fashioning the imposed sentence to Penn, the trial court did not err in considering information relating to his alleged influence over individuals or facts relating to the dismissed obstruction of justice charge. The court is allowed to consider evidence that might be excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests. See State v. Myles, supra. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Estes, supra.
Therefore, considering the facts surrounding the malfeasance charge and the harm done to society through Penn's violation of a position of trust and corruption of an elected position, we cannot find the imposed term shocking to the sense of justice or a purposeless and needless imposition of pain and suffering. Despite the confidence placed in him by his community, Penn sought out and preyed upon the innocent citizens of the village he was elected to protect. He utilized his position to obtain personal financial gain and sought to influence other village employees to cover up his actions. Penn received leniency through the suspended portion of the three-year sentence. Even considering the possibility of Penn's having to serve an additional one year jail time for failure to pay the $1,000 fine, with the facts disclosed on this record and Penn's lack of indigency, we cannot find the imposed sentence to be excessive. The trial court did not abuse its broad discretion in sentencing this defendant. Hence, this court may not set aside the sentence as excessive.

Decree
For the foregoing reasons, Penn's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The record does not contain the transcript of the guilty plea proceeding.