MOORE, J.
It The defendant was charged by bill of information with possession of a Schedule II CDS, cocaine, with intent to distribute. A jury found the defendant guilty as charged. The trial court imposed a sentence of 20 years imprisonment at hard labor. The defendant now appeals, assigning as error that his sentence is excessive. Our error patent review discloses that the trial court failed to order that the first two years of the defendant’s sentence be served without benefit of parole, probation or suspension of sentence. Because the sentence will be automatically corrected by operation of La. R.S. 15:301.1, we affirm, as amended.
The record shows that on April 21, 2003, Deputy James Felts observed the defendant riding a bicycle while making drug deals with several cars. After a brief pursuit, Felt observed the defendant shove a plastic bag in his front right pants pocket. Felt conducted a pat-down search and found 13 crack rocks in the defendant’s front right pants pocket. Felt also found several small bags in the defendant’s back pocket. The defendant was subsequently arrested.
On January 14, 2005, the defendant was sentenced to 20 years imprisonment at hard labor. The defendant filed an untimely motion to reconsider sentence on July 11, 2005. The trial court denied the motion.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its | ^provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
Prior to imposing a sentence, the trial court discussed several factors, which were listed in the pre-sentence investigation report. The court noted that the defendant is a fifth felony offender, and recited his convictions on the record. The court also noted that the defendant was 50 years old at the |3time of sentencing. Additionally, the court took into consideration the defendant’s testimony.
*288 Responding to the sentencing guidelines, the court stated that any lesser sentence would be inconsistent with the defendant’s criminal history. The court also stated that the defendant has come close to being the most serious offender in this class of crime. In mitigation, the trial court considered the defendant’s social and educational challenges.
The sentencing range for the crime of possession of a Schedule II CDS, cocaine, with intent to distribute is imprisonment at hard labor for not less than 2 years nor more than 30 years, with the first 2 years to be served without benefits. The court may also impose an additional fine of not more than $50,000. La. R.S. 40:967 B(4)(b). The trial court imposed a sentence of 20 years at hard labor.
Defendant contends that his sentence is excessive because he was 50 years old at the time of sentencing, and he will not be eligible for probation or parole because he is a fifth felony offender.
Considering the totality of the record, we concluded that this sentence is not constitutionally excessive. The defendant is a fifth felony offender who has been convicted of possession of marijuana, sexual assault, two counts of delivery of marijuana, simple robbery, possession of cocaine with intent to distribute, and possession of marijuana with intent to distribute. Because the sentence was tailored to fit the defendant and offense, the court did not err in denying the defendant’s motion to reconsider sentence. We do not find that the sentence imposed is grossly disproportionate to the severity |4of the offense nor is it shocking to the sense of justice. This assignment is therefore without merit.
However, our review of the record reveals that the sentence is illegally lenient. The statute of conviction, La. R.S. 40:967 B(4)(b), provides that a person convicted thereof shall be sentenced to a term of imprisonment at hard labor for not less than 2 years nor more than 30 years, “with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence.” The trial court neglected to direct that any portion of the sentence be served without benefits. The trial court’s failure to state that the first 2 years of this sentence shall be served without benefits will be automatically corrected by operation of La. R.S. 15:301.1.
For the foregoing reasons, the conviction is affirmed and the sentence is amended, and, as amended, affirmed.
AFFIRMED AS AMENDED.