DREW, J.
It John Monk was indicted for manslaughter, but pled guilty to negligent homicide. The trial court sentenced defendant to five years at hard labor with credit for time served. The defendant now seeks review of his sentence. We affirm.
FACTS
On the evening of October 21, 2003, a senseless barroom brawl[1] broke out in the Library Lounge in Monroe. The fight then spilled outside to the parking lot. After the initial violence ended, David Pearson, Jeff Bradford, and Jamie Han-kins began walking to Hankins’ residence at the nearby University Trailer Park. As this group was crossing King Street, a pickup truck (driven by the defendant) pulled out of the bar parking lot at a high rate of speed onto Desiard Street. The truck turned onto King Street where it ran over Pearson and clipped Bradford. Monk never stopped nor applied his brakes. Pearson, a 23-year-old father of two, died two days later from head trauma sustained in the collision.
The defendant pled guilty to negligent homicide pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), stating that it was in his best interest to plead guilty, thereby reducing his sentencing exposure from 40 years at hard labor to five years at hard labor. Through counsel, defendant admitted that he was driving the truck that ran *188 over David Pearson, but denied that he had any intent to injure the victim or that he acted with criminal negligence. After ordering a |2presentencing investigation, the trial court sentenced defendant to the maximum five years at hard labor.
DISCUSSION
The defendant argues that:
• his five-year sentence is constitutionally excessive;
• the trial court erred in denying his motions to reconsider sentence;
• the court erred in sentencing him to the maximum penalty because he is not the most egregious of offenders, because this was his first felony conviction, and because he has a good background;
• the trial court did not comply with sentencing guidelines of La. C. Cr. P. art. 894.1 in that it did not state all the specific grounds upon which it relied in imposing sentence;
• the trial court’s reliance upon his past misdemeanor convictions and arrests to impose the maximum sentence violated the holdings in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and
• he takes issue with the factual assertions made in the state’s brief and with the trial court’s per curiam and amended per curiam opinions.
The state responds that:
• the sentence was not excessive under the circumstances of this sad case;
• the victim was 23 years old at the time of his death, leaving behind a wife and two young sons;
• the victim suffered for 36 hours after the accident before dying;
• the defendant was driving very fast out of the parking lot;
• some witnesses believe the defendant ran over the victim in retaliation because the victim had previously been fighting with the defendant’s cousin;
• the defendant reacted violently when arrested for another parking lot fight that occurred a few months prior to the present offense; and
|3* the defendant received substantial leniency when he pled guilty to the lesser charge of negligent homicide.
Our law on sentencing is well settled.[2]
*189 At the sentencing hearing, the parents of the victim expressed to the court how their son’s death had adversely affected their lives. The defendant also gave a statement expressing sorrow “... that David lost his 14Iife as a result of this.” He referred to biblical scripture in asking that Pearson’s family forgive him.
The trial court stated that:
• it had considered the presentence investigation report and the many letters written in support of and against the defendant;
• some of the correspondence expressed concern that the defendant had not shown remorse for his actions;
• it had found a factual basis for the offense of negligent homicide based upon the recitation of facts made by the state;
• it considered the reduction of charge from manslaughter to negligent homicide as taking into account “any facilitation of the commission of the offense in this situation by the victim;”[3]
• the defendant had previously pleaded guilty to resisting arrest and disturbing the peace;
• only months before this incident, defendant had been arrested for trespassing, simple assault on an officer, resisting by violence, and fraudulent use of a license;[4]
• the defendant began consuming alcohol at age 16;[5]
*190 • the defendant was in need of correctional treatment in a custodial environment;
• the defendant’s conduct created a risk of death or great bodily harm to more than one person, as defendant also struck another individual at the same time he ran over the victim;
Is* defendant may have committed this offense while concealing the commission of another offense because he was trying to leave the scene of a fight before the police arrived; and
• it found the defendant’s conduct to be criminally negligent because he should not have contemplated leaving a parking lot under those circumstances at such a high rate of speed.
In the per curiam opinion and amended per curiam opinion later filed by the trial court, it further explained that there was conflicting evidence regarding whether defendant’s actions were intentional, criminally negligent, or accidental. The trial court further stated that:
• while the victim may have been involved in the fight at the bar, the victim did not facilitate the crime of negligent homicide or cause the defendant to run over him;
• it was plausible that defendant intentionally ran over the victim in retaliation for injuring his cousin during the brawl;[6] and
• it considered the harm done to the victim’s widow and children by removing his emotional and other support from their lives.
In short, a thorough review of the record indicates that the trial court was fully cognizant of the sentencing considerations of La. C. Cr. P. art. 894.1.
Imposing the maximum sentence in this particular case was not constitutionally excessive in this case, in spite of this being defendant’s first felony. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App.2d Cir.2/27/02), 811 So.2d 176. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea | (¡bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. This particular defendant, in fact, could be the most egregious of offenders in regard to the crime of negligent homicide, considering the fact that he made the conscious decision not to stop and render assistance after injuring someone out of criminal negligence, at best, or intentionally out of revenge, at worst. The presen-tence investigation report chillingly reveals that defendant’s cousin gave a statement that he was with defendant when he ran over Pearson and that the defendant refused to stop because he was afraid of losing a college scholarship if he got into trouble.
In regard to the trial court’s alleged failure to consider defendant’s good background, the presentence investigation revealed that this young[7] defendant had previously been arrested for and convicted of various misdemeanor offenses wherein he behaved violently. Defendant argues that *191 the trial court’s reliance upon his past misdemeanor convictions and arrests to impose the maximum sentence violated the holding in Apprendi supra, alleging that this case stands for the proposition that only felony convictions may be used to enhance a sentence. The defendant misstates the holding of Apprendi and, therefore, his rebanee upon it is misplaced. In Apprendi supra, the United States Supreme Court stated that any facts, with the exception of prior felony convictions, used to enhance a sentence beyond the statutory maximum for the convicted offense must be proved beyond a | Treasonable doubt to the jury. The Court in Apprendi did not state that only felony convictions may be considered at sentencing, and the trial court did not sentence defendant beyond the statutory maximum for his conviction.
The defendant argues that considering a misdemeanor offense or arrest as a reason to enhance the sentence for a later conviction constitutes multiple punishment for the misdemeanor offense and, therefore, violates the holding in Blakely, supra. In Blakely, supra, the Court reiterated its earher holding in Apprendi supra, by again stating that any fact used to sentence the defendant above the statutory maximum for that offense must be proved to the jury beyond a reasonable doubt. The Court did not prohibit the consideration of past criminal offenses, whether misdemeanors or felonies, when fashioning a sentence within the prescribed statutory range for that offense.
Further, this defendant was not convicted at trial. He voluntarily entered a plea with a statutory cap of five years-a vastly reduced exposure as compared with the crime of indictment, manslaughter. Therefore, the holdings in Apprendi supra, and Blakely, supra, are inapplicable to the present case.
The trial court properly considered defendant’s prior misdemeanor convictions and arrests as part of his criminal history at sentencing. After all, that is a prime purpose of the PSI.
Defendant complains that the trial court did not comply with the sentencing guidelines of La. C. Cr. P. art. 894.1 in that it did not state all the specific grounds upon which it relied in imposing sentence. This is an | ^allegation without merit, as the trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered, as here, the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The record clearly indicates that the trial court adequately considered those guidelines.
The defendant implies that the victim was responsible for his own death by chasing the truck out of the parking lot, asserting that the victim could not have otherwise gotten in front of the defendant’s vehicle.
In its amended per curiam, the trial court stated that,
[t]he Record indicates Appellant and his companions departed in great haste from the parking lot and it defies logic that persons on foot, including the decedent, were able to not only to keep up with but to overtake and get in front of Appellant’s vehicle over the distance covered thereby “facilitating” running over them.
The sentence of five years for negligent homicide is not grossly disproportionate to the seriousness of the offense, nor does it constitute needless infliction of pain and suffering. The defendant recklessly drove out of a parking lot onto a street at a high rate of speed and ran over the victim, refusing to stop and render aid for fear of *192 losing his college scholarship. This sentence does not shock the sense of justice. The trial court clearly did not abuse its discretion, and the sentence is not constitutionally excessive. Further, because the sentence was tailored to fit the defendant and the offense, the trial court did not abuse its discretion by denying defendant’s motions for reconsideration of sentence. State v. Nugent, 41,070 (La.App.2d Cir.08/23/06), 938 So.2d 1188; State v. Small, 40,998 (La.App.2d Cir.06/28/06), 935 So.2d 285.

DECREE

The conviction and sentence are AFFIRMED.

. Over what brand of beer was due the winner of a game of pool.

. In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,-767 (La.App.2d Cir.06/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 *189 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385. The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). The trial court has broad discretion to sentence within the statutory limits, and the appellate court will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710.
In selecting a proper sentence for a criminal defendant, a trial judge is not limited to considering only prior convictions and may review all evidence of prior criminal activity. State v. Cooks, 36,613 (La.App.2d Cir. 12/04/02), 833 So.2d 1034. When evaluating a defendant's criminal history, trial courts may consider evidence at sentencing that would otherwise be inadmissible at trial. State v. Myles, 94-0217 (La.06/03/94), 638 So.2d 218. For example, the trial court may consider records of prior arrests, hearsay evidence of suspected criminal activity, conviction records, and evidence of uncharged offenses or offenses that were nolle prossed. State v. Anderson, 30,060 (La.App.2d Cir. 10/29/97), 702 So.2d 40; State v. Emerson, 31,408 (La.App.2d Cir.12/09/98), 722 So.2d 373, writ denied, 99-1518 (La.10/15/99), 748 So.2d 470; State v. Myles, supra. Conversely, a defendant has the "due process right to rebut prejudicially false or misleading information” that could adversely affect his sentence. State v. Myles, supra.

. In a later per curiam opinion filed by the trial court, it clarified that it did not believe that the victim had facilitated the negligent homicide, but was instead referring to the evidence that the victim had been involved in a fight before the collision.

. In the previous matter, the defendant was in a confrontation with police in a bar parking lot while they were trying to clear a blocked roadway in front of the bar. The defendant yelled profanities at the police. When he started to walk away, the officer grabbed his arm, at which point the defendant jerked away, spun around, drew back his fist, had to be restrained, and continued to resist violently during the course of his arrest.

. The PSI further reflects that defendant was expelled from one high school for usage of marijuana.

. Some of the victim’s immediate family members apparently still think this is a possibility, as reflected by their heartfelt and tortured correspondence with the trial court.

. Not quite 19 years old as of the date of the crime.