965 So.2d 621 (2007)
STATE of Louisiana, Appellee
v.
Gerald Lynn BURGESS, Appellant.
No. 42,310-KA.
Court of Appeal of Louisiana, Second Circuit.
September 12, 2007.
W. Jarred Franklin, Louisiana Project Appellate, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Mike Craig, R. Lane Pittard, Assistant District Attorneys, for Appellee.
Before BROWN, CARAWAY and MOORE, JJ.
CARAWAY, J.
Gerald Lynn Burgess was charged by indictment with the aggravated rape of a person under the age of 13 years in violation of La. R.S. 14:42. Burgess pled guilty to the reduced charge of simple rape in violation of La. R.S. 14:43 and received a sentence of 20 years at hard labor, without benefit of parole, probation or suspension of sentence. Burgess appeals the imposed sentence as excessive. Finding no merit to his argument, we affirm his conviction and sentence.
The factual basis for the plea shows that Burgess committed the act of rape upon the victim, T.M.,[1] a special needs child, between the dates of January 1, 1991 through December 31, 1995, when the child was between the ages of 6 and 10 *622 years. During these years, Burgess resided at the child's address in Bossier Parish, LA. Burgess admitted to a Bossier City detective that he had sexual intercourse with the child without the victim's consent. As the result of these events Burgess entered a plea of guilty to simple rape and received a sentence of 20 years at hard labor, without benefits. He sought a timely motion to reconsider sentence which was denied by the trial court. Afterwards, this appeal ensued.
Burgess appeals the imposed sentence, arguing that the trial court failed to adequately consider the guidelines of La. C.Cr.P. art. 894.1 or state for the record how the factors specifically applied to his case. Burgess also complains that the trial court failed to give due consideration to the mitigating factors applicable to this situation, including his age and slight mental retardation which frustrated his ability to show remorse for his actions and distinguishes him from the typical sex offender. Burgess also contends that the 20-year term is effectively a life sentence for a 49-year-old which, when applied to him, is constitutionally excessive.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art 894.1. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688, 698 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641, 643. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475, 478 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049, 1051-52 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, 753, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Bonanno, 384 So.2d 355, 358 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985). There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/01/00), 754 So.2d 392, 394, writ denied, 00-1467 (La.2/02/01), 783 So.2d 385. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La. App. 2d Cir.1991). Further, a substantial advantage obtained by means of a plea bargain, such as a reduction of charge where the evidence shows that the defendant was guilty of a more serious offense, is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App.2d *623 Cir.2/27/02), 811 So.2d 176, 179, citing State v. Smack, 425 So.2d 737 (La.1983); State v. Jackson, 27,056 (La.App.2d Cir.6/21/95), 658 So.2d 722. The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829, 831 (La.1981). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-27844 (La.5/31/96), 674 So.2d 957, 958, cert. denied, Cook v. Louisiana, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). While given wide discretion to impose sentence within the statutory limits, the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7, 16, citing State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330, State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710, 712-713. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Cook, 674 So.2d at 959.
For the crime of simple rape, Burgess faced a maximum sentencing exposure of 25 years with or without hard labor and without benefit of parole, probation or suspension of sentence. La. R.S. 14:43.
Prior to the imposition of the 20-year sentence, the trial court noted for the record that it had taken into account the fact that Burgess was a first felony offender. The court considered the victim's statements, the sentencing memorandum submitted to the court by Burgess's counsel and the defendant's psychological evaluation. The court noted its consideration of the guidelines set forth in La.C.Cr. P. art. 894.1. The court mentioned that Burgess had become active in church-related activities. The court also noted the nature of the crime and the repeated abuse inflicted upon the special needs victim by Burgess. The court finally considered that the abuse was committed with body parts and foreign objects and that Burgess has shown no remorse for his acts.
Clearly, the court stated for the record its consideration of the 894.1 factors. Moreover, the documents considered by the court prior to imposing sentence demonstrate the court's awareness of Burgess's age and mental status. The court also noted the facts of the offense, the defendant's lack of remorse and the fact that the victim was a "special needs" person. These considerations present an adequate factual basis for the sentence imposed.
Likewise, our review of this record indicates that the sentence imposed is not excessive, considering the great degree of leniency and reduction in sentencing exposure obtained by Burgess through the reduction of the charge from aggravated to simple rape. The repeated and ongoing nature of the offense, and the youth and vulnerability of the victim are aggravating factors which justify the imposition of the chosen sentence. While this defendant is mildly mentally retarded, he is not so deficient that he is unable to work or maintain a relationship with the victim's mother. Considering the advantage Burgess received as the result of the plea agreement and the repeated and violent abuse inflicted upon a vulnerable child, we do not find the sentence to be shocking to the sense of justice or a needless imposition of pain and suffering.
We note that at sentencing, the trial court did not accurately advise Burgess of *624 the commencement of the time period within which to apply for post-conviction relief pursuant to La.C.Cr.P. art. 930.8. Regarding the commencement of the two-year period, the defendant is advised that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La C.Cr.P. arts. 914 or 922.

Conclusion
For the foregoing reasons, Burgess's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The initials of the victims are used because of confidentiality requirements applicable to the instant case under La. R.S. 46:1844(W).