CARAWAY, J.
| Richard Stephenson Fatheree, II, pled guilty to an amended charge of indecent behavior with a juvenile and was sentenced to seven years at hard labor, four years suspended, and five years’ supervised probation upon his release. Fatheree appeals raising three sentencing complaints. We affirm.

Facts

On October 27, 2009, the state filed a bill of information charging Fatheree with one count of molestation of a juvenile and one count of carnal knowledge of a juvenile for conduct occurring between May 1, 2009 and July 29, 2009, between Fatheree and T.Z., a fifteen-year-old minor (date of birth November 30, 1993). Fatheree initially entered not guilty pleas to both counts.
On September 27, 2010, Fatheree withdrew his not guilty plea and entered a plea of guilty to the amended charge of indecent behavior with a juvenile, a violation of La. R.S. 14:81. In exchange, the state agreed to nolle prosequi the carnal knowledge charge. The state supplied the following factual basis for the plea:
Mr. Fatheree’s date of birth is September 16, 1968. And during a period of time between February of 2009 and July of 2009 he began a relationship that— with an underage female whose date of birth is November 3 of 1993. And this relationship included — began with text-ing and communication and — and ended with inappropriate touching, including specifically he had placed his hand on her body and on her legs, kissed her using his tongue as part of that, and that these events occurred within the confines of Bossier Parish, Louisiana. The intent in this was to arouse or gratify the sexual desires of either the defendant or the minor, T.Z., in this matter.
LThe court accepted Fatheree’s plea and ordered a presentence investigation report (PSI). According to the PSI, on July 29, 2009, T.Z.’s parents contacted the Bossier Parish Sheriffs Office and reported that their 15-year-old daughter had been the victim of inappropriate conduct, including kissing, by her martial arts instructor, Fatheree. T.Z. told deputies that the defendant had given her jewelry and professed his love for and desire to marry her. On one occasion, T.Z. met Fatheree at a shopping mall under the auspices that her class was going to a movie. When T.Z.’s father dropped her off, the defendant told him that no other students had been able to come. Another student spotted Father-ee and T.Z. kissing while they sat in defendant’s vehicle parked in the mall garage. T.Z. claimed she was afraid to say anything earlier out of concern that it might affect her standing in Fatheree’s class. When questioned, defendant admitted kissing the victim and texting her inappropriately. Fatheree was initially arrested on the charge of molestation of a juvenile.
Several months later, however, T.Z., her mother, and Suzanne Craig, a mental health counselor, contacted the detectives and informed them that Fatheree had sex with T.Z. on the night they were spotted in the mall garage. On the basis of this information, the defendant was also charged with carnal knowledge of a juvenile.
At sentencing, the trial judge reviewed the various mitigating and aggravating factors he considered before sentencing Fath-eree. As mitigating factors, the court noted that Fatheree was 42 years old and a true first-time felony offender. The court *1050 considered that Fatheree had a small | schild and elderly parents for whom his incarceration would cause a hardship. The court also indicated that it had received several letters on Fatheree’s behalf.
As aggravating factors, the court noted the vast difference between the defendant’s and the victim’s ages and considered that Fatheree’s use of his position as the victim’s martial arts instructor rendered his conduct more akin to molestation of a juvenile which is punishable by not less than five nor more than 25 years’ imprisonment at hard labor. While the court recognized that there remained a dispute as to whether the defendant actually engaged in sexual intercourse with the victim, the court considered that Craig, a mental health expert, was of the opinion that sexual intercourse had occurred. The court also considered Craig’s mental health evaluation which was submitted to the court by letter and attached to the PSI. From the information provided by Craig, the court identified some of the problems that had been experienced by the victim, including anxiety, conduct problems, depression, poor concentration, agitation, irritability, panic attacks, fears, sexual dysfunction, sleep disturbance and nightmares, flashbacks, sexuality confusion, lack of trust, shame and fear. Without expressing an opinion as to whether intercourse had occurred, the trial court concluded that at a minimum Fatheree had downplayed his conduct as a one-time mistake. In light of all these factors, the court sentenced the defendant to seven years’ imprisonment at hard labor, four years suspended, and five years’ supervised probation upon his release. Father-ee objected to the sentence on the grounds that he was being punished for a crime, carnal | ¿knowledge of a juvenile, for which he had not been convicted. The court declined to modify the sentence.
On February 15, 2011, Fatheree filed a motion to reconsider arguing constitutional excessiveness in light of his work and family history and lack of prior criminal conduct. The motion was denied without a hearing on February 16, 2011. The instant appeal followed.

Discussion

On appeal, Fatheree argues that in light of his lack of a criminal history, the imposition of a maximum sentence is excessive and that the trial court should not have considered the report by the mental health expert which was used to bolster the victim’s uncorroborated allegation that the defendant had sex with her.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La. App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the *1051 likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his | r,discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La. App.2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792, State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
Likewise, a substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the most serious offense originally charged, is a Illegitimate consideration in sentencing. State v. Burgess, 42,310 (La. App.2d Cir.9/12/07), 965 So.2d 621; State v. Ross, 35,552 (La.App.2d Cir.2/27/02), 811 So.2d 176.
The sources of information upon which a trial court may rely at sentencing are varied and may include evidence usually excluded from the courtroom at trial, including hearsay and arrest and conviction records. State v. Cozzetto, 07-2031 (La.2/15/08),- 974 So.2d 665. Because the scope of information available to the sentencing court is so broad, a defendant has the due process right to rebut prejudi-cially false or misleading information that could adversely affect his sentence. State *1052 v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218; State v. Monk, 42,067 (La.App.2d Cir.5/2/07), 956 So.2d 185.
At the time the offense was committed, the statute defining indecent behavior with a juvenile provided for a term of incarceration of no more than seven years at hard labor or a fine of not more than $5,000, or both. La. R.S. 14:81(H)(1). Although Fatheree was exposed to the maximum period of incarceration by the court’s imposition of a seven-year sentence, all but three years of the jail time was suspended. Nor did the court impose the maximum $5,000 fine permitted by the statute. Thus, Fatheree’s argument that he received the maximum possible sentence is in error.
Considering the circumstances surrounding the conviction, we fail to find the sentence to be facially excessive. Even without consideration of whether the facts supported the crime of carnal knowledge, they are nonetheless adequate to support a molestation of a juvenile conviction by | ssomeone in a position of control or supervision over the juvenile under La. R.S. 14:81.2, punishable by no less than five nor more than 20 years imprisonment and a fine of not more than $10,000. Accordingly, given the substantial benefit that Fath-eree gained as a result of his plea agreement through reduction of his sentencing exposure, the sentence imposed is neither grossly out of proportion to the seriousness of the offense nor a purposeless and needless infliction of pain and suffering.
Additionally, the trial court did not err in considering the report of the victim’s mental health counselor in sentencing Fatheree. As noted above, the sources of information from which a sentencing court may draw are extensive and are not limited by the traditional rules of evidence. The impact of the defendant’s conduct on the victim is a relevant factor in sentencing as is the possibility that his crime against her was more serious than suggested by the crime of conviction. Moreover, Fatheree had ample opportunity to rebut the information presented to the court. For the foregoing reasons, this assignment is without merit.
CONVICTION AND SENTENCE AFFIRMED.