STEWART, J.
hAs a result of a plea agreement, the defendant, Alvin Lewis, pled guilty to simple burglary, in violation of La. R.S. 14:62. He was sentenced to serve 12 years’ imprisonment at hard labor and ordered to pay $5,000.00 in restitution. The sentence was ordered to run consecutive to any other sentence he was serving. The defendant now appeals. For the reasons discussed below, we affirm the defendant’s conviction and sentence.
*773 FACTS
The defendant faced criminal charges in four separate cases and had previously entered a plea of not guilty in each case.[1] Pursuant to a plea agreement, he pled guilty to simple burglary, and the remaining charges were nol prossed. The defendant agreed that the facts, as presented by the state, were substantially correct. More specifically, he agreed that between May 10, 2011, and May 15, 2011, he committed simple burglary of Brenda West’s home. The defendant stole items from West’s home, which resulted in her claim of $9,785.00 in restitution. A presentence investigation report was ordered.
On January 80, 2012, the defendant appeared for sentencing. West provided a written statement describing damage to her home and the distress she endured as a result of the defendant burglarizing it. West’s written statement acknowledged that some of the stolen items had been returned or recovered, and she estimated the value of the items not recovered at | ¾$5,000.00. The police investigation revealed that some of the stolen items had been sold to an iron scrap yard.
A review of the defendant’s criminal history revealed convictions in 1969 for burglary in California; in 1970 for receiving stolen property in California; in 1978 for second degree burglary in California; in 1989 for simple burglary in Louisiana; in 1998 for simple burglary in Louisiana; and in 2007 for felony theft in Louisiana. Although the defendant was released on parole many times for these convictions, his parole was often revoked.
The presentence investigation indicated that the defendant was a fourth felony offender and therefore no longer eligible for probation. The trial court recited the 69-year-old defendant’s personal and employment history, specifically noting that although he reached the 12th grade at Booker T. Washington, he did not graduate. Over the years, the defendant worked several jobs, including one at a chemical and aluminum plant and one as a painter in a construction business. After considering the defendant’s criminal history and the sentencing guidelines pursuant to La. C. Cr. P. art. 894.1, and noting that any lesser sentence would deprecate the seriousness of the crime, the trial court sentenced the defendant to 12 years’ imprisonment at hard labor, to run consecutively with any other sentence. He was also ordered to pay $5,000.00 in restitution for West’s unrecovered items.
On February 23, 2012, the defendant filed a motion to reconsider sentence, claiming that although his sentence fell within statutory limits, it |swas excessive and merely punitive. This motion was denied on February 28, 2012, and the defendant subsequently filed this appeal.
LAW AND DISCUSSION
In the defendant’s sole assignment of error, he argues that the trial court erred in denying his motion for reconsideration of sentence and rendering an excessive sentence in this ease. More specifically, the defendant contends that the imposed 12-year sentence serves no useful purpose for a 69-year-old man convicted of simple burglary, in light of the trial court’s order for him to pay $5,000 in restitution. He further contends that the trial court did not properly consider the stolen property that was returned shortly after the crime was committed. The defendant believes that due to his age and the consecutive *774 sentences imposed, he will likely die in prison.
La. R.S. 14:62(B), regarding the crime of simple burglary, states:
B. Whoever commits the crime of simple burglary shall be fined not more two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37,442 (La.App. 2 Cir. 8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
|4In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), pri- or criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351. All convictions and all prior criminal activity may be considered as well as other evidence normally excluded from the trial. State v. Platt, 43,708 (La.App. 2 Cir. 12/3/08), 998 So.2d 864, writ denied, 2009-0265 (La.11/6/09), 21 So.3d 305.
|fiSecond, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864. A trial court has broad discretion in sentencing offenders. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Young, 46,575 (La.App. 2 Cir. 9/21/11), 73 So.3d 473; State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665. In cases where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a signifi *775 cant reduction in his potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667; State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984). This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, supra. Further, a substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the most serious offense originally charged, is a legitimate consideration in sentencing. State v. Burgess, 42,310 (La.App. 2 Cir. 9/12/07), 965 So.2d 621.
In the instant case, the defendant ransacked Brenda West’s home, and stole $9,785.00 worth of her belongings. Only a portion of West’s belongings were recovered.
After a careful review of the record, and given the defendant’s actions, we do not find error in the imposition of the maximum allowable sentence. The record indicates that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The transcript shows that it considered the defendant’s personal history, as well as his extensive criminal history. As stated in the facts section, the defendant was convicted in California in 1969 for burglary, in 1970 for receiving stolen property, and in 1978 for second degree burglary. He was then convicted in Louisiana in 1989 and 1998 for simple burglary, and in 2007 for felony theft. We note that the defendant obtained multiple convictions for the same crime that he committed in the instant case. The punishments that the defendant received for his previous convictions have not sufficiently rehabilitated him, nor have they deterred him from committing additional crimes.
Furthermore, the defendant obtained a substantial benefit through the state’s offer to have three other charges nol prossed. The state also offered to not multi-bill him as a fourth-felony offender. As stated above, the trial |7court had great discretion to impose the maximum sentence. Taking that into consideration, we find that this sentence does not shock the sense of justice. This argument is without merit.
CONCLUSION
For the reasons discussed above, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. The State originally charged the defendant with simple burglary of an inhabited dwelling, illegal possession of stolen things, possession of stolen property over $500.00, theft of goods over $500.00, looting and simple criminal trespass.